OPINION
This is an accelerated appeal taken from a final judgment of the Domestic Relations Division of the Trumbull County Court of Common Pleas. Appellant, Robert John Gilanyi, Personal Representative of the Estate of John Thomas Coble, appeals from the trial court's selection of a retirement plan valuation date when dividing marital property in a divorce action.
John Thomas Coble ("Coble") and appellee, Karen Lee Coble, were married on April 16, 1966. No children were born as issue of the marriage. Following a lengthy union, appellee filed a complaint for divorce on August 22, 1995. Coble subsequently filed an answer and counterclaim for divorce.
The matter was scheduled for a contested divorce hearing on December 30, 1996. On that date, however, both parties appeared in court with counsel and indicated that they had reached an agreement on all issues. Counsel for appellee then read a list of joint stipulations into the record regarding the division of property and debt. The trial court withheld issuing any final order pending the submission by the parties of an agreed judgment entry.
One of the stipulations related to the parties' respective retirement plans. Coble and appellee had both been employed in some capacity by the IDEX Corporation ("IDEX") from the date of their marriage in 1966. Coble voluntarily terminated his employment with IDEX on April 15, 1988, but appellee continued to work over the duration of the marriage. During their respective tenures at the company, each party accumulated retirement benefits in the form of an IDEX pension. In addition to her pension, appellee also had a 401K savings plan through IDEX. Coble earned pension benefits only through April 15, 1988, whereas appellee continued to accrue pension funds and 401K savings throughout the marriage.
The stipulation read into the record during the course of the December 30, 1996 proceeding acknowledged the existence of the two pensions and appellee's 401K plan and expressed each party's willingness to enter into a qualified domestic relations order ("QDRO") with respect to the various retirement plans. The stipulation did not include any reference to the ending date that would be used to determine the value of the pensions or the 401K plan.
Following this hearing, the attorneys attempted to agree on a judgment entry memorializing the terms of the divorce. During this process, a dispute arose with regard to the valuation date to be applied to the parties' retirement plans.
Coble contended that each party should be entitled to his or her equitable share of the other's retirement benefits to be calculated from the date of the marriage through the date of the final divorce hearing. By contrast, appellee took the position that the retirement plans should be valued only from their wedding day on April 16, 1966 until the day that Coble voluntarily terminated his employment with IDEX on April 15, 1988. In other words, appellee believed that her pension and 401K savings account should be valued as of the same point in time when Coble quit working for IDEX, thereby terminating his accrual of pension benefits. The parties were unable to resolve their differences over the valuation date applicable to the retirement plans.
The trial court conducted a status conference on June 27, 1997 in order to ascertain why an agreed judgment entry had not yet been submitted for the court's approval. Counsel for both parties were given the opportunity to address the question as to what portions of appellee's pension and 401K plan should be subject to division as marital property. Following this conference, the trial court ordered that appellee's retirement plans would be valued as of April 15, 1988 for purposes of the property division.
Thereafter, counsel for appellee drafted a proposed divorce decree which incorporated the trial court's order regarding the retirement benefits coverage period. Coble's counsel signed the entry as to the form only, but continued to object to the valuation of appellee's pension and 401K plan. The trial court approved the decree, and it was journalized on September 19, 1997. Following the entry of the decree, the trial court issued three different QDROs governing Coble's pension and appellee's pension and 401K plan, respectively.
From the judgment of divorce, Coble filed a notice of appeal with this court in which he asserted the following assignment of error:
 "The trial court erred to the prejudice of appellant and abused its discretion by ruling that appellee's pension should be divided as of April 15, 1988 rather than as of [the] date of the parties [sic] divorce and, therefore, ruling that the appellant's [Coble's] coverture period is from April 16, 1966 through April 15, 1988 regarding appellee's pension."
 Following the submission of the parties' briefs, however, Coble died on or about June 30, 1998. Consequently, his counsel filed a motion for substitution pursuant to App.R. 29(A). The motion requested that Robert John Gilanyi be substituted for Coble as a party in this case. Attached to the motion was an order issued by the Circuit Court of St. Lucie County, Florida, appointing Gilanyi as the personal representative of Coble's estate. Upon consideration, we granted the motion, thereby substituting Gilanyi as the appellant in the present appeal.
In the lone assignment of error, appellant adheres to the same position that Coble took in the trial court, to wit: that appellee's pension and 401K plan should have been valued as of the date of the final divorce hearing.[1] Appellant contends, in essence, that the trial court abused its discretion by valuing appellee's accrued retirement benefits only through April 15, 1988, thereby limiting the dollar amount to which Coble's estate is now entitled based on its percentage interests in the retirement plans.
Upon granting a divorce, the trial court is required to divide and distribute the marital estate between the parties in an equitable manner. R.C. 3105.17.1(B). Pension and other retirement benefits acquired by either spouse during a marriage are marital property subject to equitable division upon divorce. R.C. 3105.17.1(A)(3)(a)(i). See, also, Erb v. Erb (1996), 75 Ohio St.3d 18,20; Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 178; Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, syllabus. When distributing such benefits, the trial court must consider "the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Erb, 75 Ohio St.3d at 20, citingHoyt, 53 Ohio St.3d at 179.
The trial court is necessarily vested with wide discretion in formulating an equitable distribution of marital property. Berishv. Berish (1982), 69 Ohio St.2d 318, 319. The judgment of the trial court in dividing marital property will not be disturbed on appeal unless the court abused its discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144; Martin v. Martin (1985), 18 Ohio St.3d 292,294. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case sub judice, the trial court was under an obligation to divide the marital property equitably between Coble and appellee. This marital property consisted of all real and personal property owned by either Coble or appellee, including their IDEX retirement plans, and that was acquired by either or both of them during the marriage. R.C. 3105.17.1(A)(3)(a).
The phrase "during the marriage" is statutorily presumed to run from the date of the marriage through the date of the final divorce hearing. R.C. 3105.17.1(A)(2)(a). If, however, the trial court determines that the use of either or both of these dates would be inequitable, then "the court may select dates that it considers equitable in determining marital property." R.C. 3105.17.1(A)(2)(b).
As a general matter, a trial court should consistently apply the same set of dates when valuing marital property that is subject to division and distribution in a divorce proceeding. However, this court has previously held that "the circumstances of some cases may require the use of different dates for valuation purposes[.]" Miller v. Miller (May 24, 1996), Geauga App. No. 95-G-1942, unreported, at 4, 1996 Ohio App. LEXIS 2188. We have further held that the trial court must adequately explain its reasons for choosing a different valuation date for certain marital assets. Cottage v. Cottage (June 13, 1997), Trumbull App. No. 96-T-5412, unreported, at 19, 1997 Ohio App. LEXIS 2592. These holdings are consistent with the R.C. 3105.17.1(G) requirement that the trial court "shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'"
In the case at bar, the trial court opted to value the parties' retirement plans on a different date than was applicable to various other marital assets distributed by way of the divorce decree. Specifically, the trial court ruled that the two pensions and 401K plan should be valued as of April 15, 1988, rather than the date of the final divorce hearing.
The trial court rendered this decision subsequent to the status conference held on June 27, 1997. As noted earlier, the purpose of this meeting was for counsel to update the trial court on the status of the case and to explain why they had not yet submitted an agreed judgment entry for the court's approval. Counsel apparently explained to the trial court that they had been unable to reach an agreement regarding the ending date for purposes of valuing the parties' retirement benefits. Since the attorneys could not resolve the issue themselves, the trial court ruled on the matter by deciding that the various retirement plans should be valued as of April 15, 1988.
On appeal, appellant now claims that the trial court gave no reason as to why this point in time was most equitable under the circumstances or why a valuation date other than the date of the final divorce hearing should be used. Thus, appellant characterizes the trial court's decision as arbitrary.
It is true that the trial court did not initially provide any explanation for its decision in the written entry which ordered that appellee's pension and 401K plan should be valued as of April 15, 1988. Eventually, however, the trial court issued a supplemental judgment entry in which it noted that Coble voluntarily terminated his employment with IDEX on April 15, 1988. Upon review of the record, it does not appear that Coble ever disputed this point.
This fact ostensibly served as the basis for the trial court's decision to utilize a different valuation date for the retirement plans. After April 15, 1988, Coble obviously generated no further contributions to his pension. Appellee, meanwhile, remained in the employment of IDEX through the culmination of the divorce proceedings in September 1997, thereby continuing to accrue pension benefits and 401K savings over the duration of the marriage.
As stated previously, circumstances may require the use of different dates for different assets when valuing marital property in a divorce proceeding. A trial court may deviate from the date of the final divorce hearing when determining what constitutes marital property if doing so would achieve a more equitable result.
In the instant case, the absence of substantive evidence in the record precludes this court from determining whether the trial court abused its discretion in selecting April 15, 1988 as the valuation date for appellee's pension and 401K plan. As mentioned previously, the divorce between the parties was uncontested. Consequently, there was no evidence adduced at the December 30, 1996 hearing regarding the parties' respective employment histories.
Beyond this, the June 27, 1997 status conference also yielded no evidence as far as we can glean from the record. No transcript exists of this conference. Apparently, however, it was simply a meeting between the trial court and the parties' attorneys for the purpose of discussing the issue of the retirement plans. In other words, it was not an evidentiary hearing.
Given the paucity of evidence in the record, we can not adequately review the trial court's decision to utilize April 15, 1988 as the valuation date for the retirement plans. On the one hand, the fact that Coble voluntarily terminated his employment with IDEX on April 15, 1988 may have been a legitimate basis upon which the trial court could deviate from the date of the final divorce hearing when valuing the pensions and 401K plan as marital assets. On the other hand, there may have been extenuating circumstances surrounding Coble's decision to leave the employment of the company at that point in time.
The trial court essentially concluded that only those retirement benefits which accrued from the date of the marriage through Coble's voluntary termination of employment should be treated as marital property subject to division. When allocating property between the parties in a divorce proceeding, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, paragraph two of the syllabus. In the case at bar, we need to know more about the circumstances surrounding Coble's decision to terminate his employment with IDEX on April 15, 1988 in order to evaluate the propriety of the judgment rendered by the trial court.
Based on the foregoing analysis, appellant's assignment of error has merit to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the cause is hereby remanded for further explanation and/or proceedings consistent with this opinion.
FORD, P.J., NADER, J., concur.
[1] It should be noted that the assignment of error is phrased such that it refers only to appellee's "pension." It does not make reference to appellee's 401K plan. On appeal, appellee urges this court to construe the assigned error strictly such that appellant is deemed to have waived any argument in relation to the 401K plan. We decline to do so. Despite the rather careless wording by counsel, it is apparent that Coble was challenging the trial court's valuation of both the pension and 401K plan earned by appellee through her employment with IDEX.